UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

ROBERTO JHA MARLEY ST.
VICTOR, A233 766 201, BOP
Register No. 36858-506,

    Petitioner,

    v.

ATTORNEY GENERAL OF THE
UNITED STATES, et al.,

    Respondents.

CIVIL ACTION NO. 3:26-cv00666

(SAPORITO, J.)

## MEMORANDUM

On March 16, 2026, the Court received and filed a pro se petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2241, signed and dated by the petitioner, Roberto Jha Marley St. Victor, on March 6, 2026. Doc. 1. This original petition was accompanied by an application for leave to proceed *in forma pauperis* in this action. Doc. 2. On March 23, 2026, we granted the petitioner leave to proceed *in forma pauperis* and directed the respondent to file an answer to the petition. Doc. 4.

On April 2, 2026, the Court received and filed the petitioner's pro se amended petition. Doc. 7. Later that same day, we directed the

respondent to file an answer to the amended petition. Doc. 9. On April 22, 2026, the respondent filed his response to the petition. Doc. 10.

In his amended petition, St. Victor, a native and citizen of Haiti, challenges the legality of his removal proceedings, as well as the fact and duration of his pre-removal-order detention. At the time of filing his original petition, St. Victor was being held in the custody of United States Immigration and Customs Enforcement ("ICE") at FCI Lewisburg, a federal correctional institution.

The Court takes judicial notice that, on April 7, 2026, an immigration judge entered an order of removal in St. Victor's removal proceedings. *See* Automated Case Information, Executive Office for Immigration Review, https://acis.eoir.justice.gov/en/ (A-Number "233-776-201" and Nationality "Haiti") (last visited May 13, 2026). Because St. Victor has not appealed the order of removal to the BIA and the time for doing so has expired,[1] the order of removal has become administratively

---

[1] *See* 8 C.F.R. § 1003.38(b) (eff. Nov. 14, 2022) (providing that a notice of appeal from an immigration judge's decision must be filed with the Board of Immigration Appeals within 30 calendar days after an immigration judge's statement of an oral decision or mailing of a written decision); *see also id.* § 1240.15. *See generally Amica Ctr. for Immigrant Rts. v. Exec. Off. for Immigr. Rev.*, ___ F. Supp. 3d ____, 2026 WL 662494

*(continued on next page)*

final. *See id.* (noting that "[n]o appeal was received for this case"). *See generally* 8 C.F.R. § 1241.1(c) ("An order of removal made by the immigration judge . . . shall become final . . . [u]pon expiration of the time allotted for an appeal if the [noncitizen] does not file an appeal within that time . . . .").

To the extent the petitioner challenges the fact or duration of his pre-removal-order detention, that claim became moot when his order of removal became administratively final and he became confined pursuant to 8 U.S.C. § 1231. *See Rodney v. Mukasey*, 340 Fed. App'x 761, 763–64 (3d Cir. 2009). To the extent he challenges the duration of his post-removal-order detention under § 1231, any such claim must be dismissed as premature. *Id.* at 764–65.

To the extent the petitioner challenges his order of removal or the removal proceedings leading up to it, such claims must be dismissed for lack of subject matter jurisdiction. Section 242(a)(5) of the Immigration

---

(D.D.C. Mar. 8, 2026) (invalidating proposed interim final rule that would shorten the time for filing an appeal to 10 days), *appeal filed*, No. 26-5156 (D.C. Cir. May 11, 2026); Appellate Procedures for the Board of Immigration Appeals, 91 Fed. Reg. 5267, 5272, 5278 (Feb. 6, 2026) (amending 8 C.F.R. § 1003.38 to reduce the appeal period from 30 days to 10 days).

and Naturalization Act ("INA") provides that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal." 8 U.S.C. § 1252(a)(5). Thus, to the extent the petitioner challenges his removal order, this federal district court lacks subject matter jurisdiction. *E.O.H.C. v. Sec'y U.S. Dep't of Homeland Sec.*, 950 F.3d 177, 184 (3d Cir. 2020) (citing 8 U.S.C. § 1252(a)(5)). "District courts also lack jurisdiction to review most claims that even *relate* to removal." *Id.* (emphasis added). Section 242(b)(9) of the INA provides that "[j]udicial review of all questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien . . . shall be available only in judicial review of a final order" of removal. 8 U.S.C. § 1252(b)(9). To the extent the petitioner challenges the proceedings that led up to his final order of removal, this federal district court lacks jurisdiction to adjudicate such claims as well. *See Khalil v. President*, 164 F.4th 259, 277 (3d Cir. 2026) (per curiam).

Accordingly, this petition will be dismissed. With respect to the petitioner's challenges to his final removal order and to the validity of his removal proceedings, the petition will be dismissed for lack of subject

matter jurisdiction. With respect to the petitioner's challenges to his pre-removal-order detention, the petition will be dismissed as moot. With respect to the petitioner's challenges to his post-removal-order detention, the petition will be dismissed as premature.

An appropriate order follows.


Dated: May 14, 2026                    *s/Joseph F. Saporito, Jr.*
                                       JOSEPH F. SAPORITO, JR.
                                       United States District Judge